UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andres Hasty,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections, Unknown (John Doe) L.T. at Kirkland,<br><br>Defendants. | ) | C/A No. 9:26-cv-00825-BHH-MHC<br><br>**REPORT AND RECOMMENDATION** |

This is a civil action filed by Plaintiff Andres Hasty, who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I. BACKGROUND

At the time Plaintiff filed this action, he was a pretrial detainee at the Greenville County Detention Center. ECF No. 1 at 2. Records from Greenville County indicate that Plaintiff pled guilty to charges of assault and battery first degree (case number 2025A2330208722) and resisting arrest (case number 2025A2330208723) on March 12, 2026. *See* Greenville County 13th Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited July 21, 2026).[1] Plaintiff is currently housed within

[1] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

the South Carolina Department of Corrections (SCDC). *See* ECF No. 7. Records from SCDC indicate that Plaintiff was moved to the Broad River Correctional Institution on July 20, 2026.[2]

Plaintiff was previously housed at Kirkland Correctional Institution (KCI) from 2021-2025. ECF No. 1 at 5. His claims concern incidents that allegedly occurred "between 2021-2022[,]" when he was housed at the Reception and Evaluation (R&E)[3] section of KCI. *Id.* at 5, 13. Plaintiff brings claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his Eighth Amendment rights. He appears to assert claims for excessive force, cruel and unusual punishment, and malicious prosecution. He also appears to allege claims under South Carolina law. *Id.* at 4. Defendants are the SCDC and "Unknown (John Doe), L.T. at Kirkland" (John Doe). *Id.* at 1-2.

In his Complaint, Plaintiff alleges:

- I was in my cell in dorm B2 during R and E at Kirkland.
- The L.T came by, there was a clothing line hanging up. He told us to take the line down.
- We refused so he popped the door and mased me and threw me to the ground.
- One of the C.O. were with him and seen this, Mrs Anderson.
- I was taken to medical, given a face wash & put in a holding cell.

---

[2] *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Andres Hasty"] (last visited July 21, 2026).

[3] R&E is where a newly incarcerated inmate at SCDC is housed. As noted by the Fourth Circuit Court of Appeals,

> All men newly incarcerated in the South Carolina Department of Corrections (SCDC) system are first sent to the Kirkland Correctional Institution for "reception and evaluation." The reception and evaluation process generally lasts between two to three months, during which time the newly-incarcerated men are assessed to determine their individual safety risk level and their appropriate permanent place of incarceration.

*Bolick v. Anderson*, 169 F.4th 528, 534 (4th Cir. 2026); *see also* SCDC Institutions, https:/www.doc.sc.gov/institutions (last visited July 21, 2026) ("Kirkland receives, assesses, classifies and assigns all male offenders age 17 and above sentenced to 91 days or more. Combined, the R&E process receives approximately 8000 offenders each year.").

- A week or so later there was a D.H.O. hearing over the matter and the charges that the officer put on me were Dismissed. Because C.O. Anderson spoke up on my behalf. She stated that the L.T. Statement held no merrit. She stated the L.T. falsified his claim and abused his authority. The L.T wrote I aggressively advanced in a aggressive manner. The Charges were dismissed and I was released to the dorm.

ECF No. 1 at 13 (errors in original). As relief, Plaintiff requests an award of $157,000. *Id.* at 6.

## II. STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

### A. Statute of Limitations

Plaintiff's claims, including any excessive force claim against Defendant John Doe, claims of cruel and unusual punishment, and malicious prosecution as to the disciplinary action, are barred by the applicable statute of limitations. For a § 1983 claim arising in South Carolina, the applicable

statute of limitations is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim.").

"A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).[4] Here, Plaintiff knew of the alleged actions at the time they occurred. However, Plaintiff did not file his Complaint until February 2026,[5] more than three years after the alleged incidents occurred (on unspecified dates from 2021 to 2022).

---

[4] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted). "A federal court may sua sponte dismiss a complaint as barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915 [.]" *Harriot v. United States*, 795 F. App'x. 215, 216 (4th Cir. 2020).

[5] A prisoner's pleading may be considered filed at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266 (1988). The Complaint was filed on February 27, 2026. The envelope in which the Complaint was mailed has a handwritten notation of "LEGAL 2/23/26" and Plaintiff signed his Complaint on February 23, 2026. Using February 23, 2026, as the filing date, Plaintiff filed his Complaint more than three years after the incidents that allegedly occurred between 2021 and 2022.

B. SCDC not a Person under § 1983

SCDC is also subject to summary dismissal because it is a state agency and is not a "person"[6] subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials in their official capacities are 'persons' under § 1983"); *Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"); *McLean v. Spartanburg Cnty. Det. Ctr.*, No. 1:22-cv-3694-SAL-SVH, 2022 WL 19114158, at *2 (D.S.C. Dec. 7, 2022) ("SCDC is not a person subject to suit under § 1983."), *report and recommendation adopted*, 2023 WL 2573292 (D.S.C. Mar. 20, 2023); *Rivera v. S.C. Dep't of Corr.*, No. 8:20-cv-3356-SAL, 2021 WL 2649837, at *2 (D.S.C. June 28, 2021) ("The South Carolina Department of Corrections is not a "person" amenable to suit under section 1983.").

C. Eleventh Amendment Immunity

Defendant SCDC and Defendant John Doe in his official capacity[7] are also entitled to Eleventh Amendment immunity, which divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that claims against a state official for actions taken in an official capacity are tantamount to a claim against the state itself).

---

[6] To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[7] The claims are brought against Defendant John Doe in only his official capacity. *See* ECF No. 1 at 2.

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the States' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Further, although a State may itself consent to a suit in a federal district court, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

D. State Law Claims

Plaintiff also asserts state law claims. However, as Plaintiff fails to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998).[8] Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity

[8] Additionally, to the extent Plaintiff may be attempting to have Defendant John Doe prosecuted under a criminal statute, individuals such as Plaintiff have no constitutional right to, or in fact any judicially cognizable interest in, the prosecution or nonprosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

of parties means that no party on one side may be a citizen of the same State as any party on the other side). Plaintiff and Defendants all appear to be citizens of South Carolina. There is no complete diversity such that Plaintiff may not bring his claims pursuant to § 1332.

Plaintiff has not asserted a valid federal claim, and there is no diversity jurisdiction. Thus, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[9] and without issuance and service of process.[10]

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

July 22, 2026
Charleston, South Carolina

[9] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable"). Here, any attempt to cure the deficiencies in the complaint would be futile for the reasons discussed above.

[10] The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at his address of record and to Plaintiff's address as currently listed in SCDC's Inmate Locator (Broad River Correctional Institution, 4460 Broad River Road, Columbia, SC 29210).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).