IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Hasty,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections, Unknown (John Doe) L.T. at Kirkland,<br><br>Defendants. | Civil Action No. 9:26-cv-825-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Andres Hasty's ("Plaintiff") *pro se* complaint. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 22, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's complaint without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 12.) In the Report, the Magistrate Judge found that Plaintiff's claims are barred by the applicable statute of limitations; that the South Carolina Department of Corrections is not a "person" amenable to suit under 42 U.S.C. § 1983; that Defendants are entitled to Eleventh Amendment immunity; and that the Court should decline to exercise supplemental jurisdiction over any state law claims.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 20, 2026
Charleston, South Carolina